IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THOMAS L. SWIFT,

    Plaintiff,

v.                                                                                           No. 15-1009

OFFICER TRAVIS G. McNATT, #2519,
Individually,

    Defendant.

_____

ORDER GRANTING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
_____

      Plaintiff, Thomas L. Swift, brought this action on January 22, 2015, pursuant to 42 U.S.C. § 1983, against Defendants, Officer B. Lambert, individually; Officer Travis G. McNatt, individually; and Officer C. Morgan, individually, alleging use of excessive force in violation of his Fourth Amendment rights. (Docket Entry ("D.E.") 1.) McNatt moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on June 18, 2015. (D.E. 19.) For the following reasons, Defendant's motion is GRANTED.

                                                        I.     Facts

      The following facts are undisputed. On January 26, 2014, at approximately 2:36 AM, Plaintiff was exceeding the speed limit on East College Street in Jackson, Tennessee. (D.E. 1 at ¶ 4.) McNatt initiated a traffic stop, from which Swift subsequently fled. (*Id.*) A chase ensued, with another police cruiser joining. (D.E. 35 at 1.) McNatt was the second squad car in pursuit of Plaintiff. (*Id.*) The dashboard camera in McNatt's cruiser recorded the entire incident, beginning before he spotted Plaintiff speeding and ending after an arrest was made. (D.E. 26

1

("Video").) The chase lasted less than three minutes. The two police cruisers followed Swift until coming to an empty corner lot, where Plaintiff abandoned his car and ran away on foot. (D.E. 35 at 1.) Upon reaching the lot, McNatt turned his vehicle left to begin to drive through the property. (Video at 2:38:35-36.) Moments later, Defendant's cruiser struck Plaintiff after he came from behind a tree. (*Id.* at 2:38:38.)

II. Legal Standard

Rule 56 provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court is to "view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party." *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 578 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). It is not to "weigh evidence, assess credibility of witnesses, or determine the truth of matters in dispute." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Kroll v. White Lake Ambulance Auth.*, 763 F.3d 619, 623 (6th Cir. 2014) (quoting *Anderson*, 477 U.S. at 251-52).

The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d

449, 453 (6th Cir. 2008). The nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson*, 477 U.S. at 248. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* A court must grant summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

## III. Analysis

In order to prevail on a claim under § 1983, a plaintiff "must establish that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001)). McNatt has invoked the defense of qualified immunity in response to Swift's § 1983 claim. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). "Qualified immunity is intended to serve the public interest by permitting officials to take action with independence and without fear of consequences." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 579 (6th Cir. 2003) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)). "Qualified immunity is a question of law, but where the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *Bazzi v. City of Dearborn*, 658 F.3d 598, 606 (6th Cir. 2011) (quoting *McKenna v. Edgell*, 617 F.3d 432, 437 (6th Cir. 2010)). "Thus, to the extent

that there is disagreement about the facts . . . [the court] must review the evidence in the light most favorable to [the plaintiff], taking all inferences in his favor." *Id.*

"A defendant is entitled to qualified immunity unless the evidence, viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011) (citing *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010)). The elements may be considered in any order. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 765 n.11 (6th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). "Existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* "This clearly established standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can reasonably anticipate when their conduct may give rise to liability for damages." *Reichle*, 132 S. Ct. at 2093 (alterations omitted).

Plaintiff's allegation of excessive force during the context of an arrest or investigatory stop invokes the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386, 394 (1989) ("Where . . . the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."); *Godawa v. Byrd*, 798 F. 3d 457, 464 (6th Cir. 2015); *Frodge v. City of Newport*, 501 F. App'x 519, 529 (6th Cir. 2012). It is a well-established principle of law that

> a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement . . . nor even whenever there is a governmentally caused and governmentally desired termination of an individual's

4

freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*.

*Lewis v. City of Toledo*, No. 3:10CV2549, 2012 WL 112529, at *2 (N.D. Ohio Jan. 12, 2012); *see Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 441 (6th Cir. 2013); *Rainey v. Patton*, 534 F. App'x 391, 394 (6th Cir. 2013). Thus, "[a] seizure must occur before an excessive force of claim is cognizable under the Fourth Amendment." *Rainey*, 534 F. App'x at 394; *see Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004); *see also City of Sacramento v. Lewis*, 523 U.S. 833, 844-45 (1998).

In *Lewis v. City of Toledo*, the plaintiff was the passenger in a stolen car that was pursued by the police. *Lewis*, 2012 WL 112529, at *1. Eventually, the plaintiff "bailed," and he ran from the police on foot. *Id.* In addition to other officers chasing the plaintiff, Officer Diane Chandler learned of the incident in her squad car and drove toward the scene. *Id.* Another cruiser was also following the plaintiff as he ran into a parking lot. *Id.* As Officer Chandler turned in the parking lot, her view was obscured by the other police car, and she struck the plaintiff with her car. *Id.* "One to two seconds elapsed between the time Officer Chandler turned into the lot and her striking him." *Id.* The officer claimed she "turned into the lot because she saw the plaintiff trying to evade the other officers." *Id.* She testified that it was not her intention to hit the plaintiff, she had braked, and she attempted to swerve to avoid hitting him. *Id.* Three witnesses provided affidavits all essentially stating that Officer Chandler made no attempt to avoid the plaintiff, she did not break, and it appeared that she intentionally hit him. *Id.* The court found that "it [was] clear that the officers, including Officer Chandler, were seeking to capture the plaintiff by corralling him, or boxing him in." *Id.* Although the plaintiff asserted the officer intended to him, the court held that

> [t]he only issue of *fact* which the affidavits put in dispute is whether Officer Chandler braked before hitting the plaintiff. Even if, contrary to her testimony, she did not [brake], that alone is insufficient to enable a rational trier of find to find by a preponderance of the evidence that she intended to strike the plaintiff as she was joining the other officers to capture him.

*Id.* at *3. As the plaintiff could not meet the burden of proof to demonstrate a constitutional violation, there was "no cognizable § 1983 claim." *Id.*

Similarly, in *Sowell v. Clark*, No. 5:07-CV-101-R, 2008 WL 4822076, at *1 (W.D. Ky. Nov. 4, 2008), an officer was dispatched to Sowell's parents' home at approximately 4:00 AM, after his father called 911 and immediately hung up. When the officer arrived, Sowell was on the poorly lit front porch. *Id.* While the officer was still in his car, the decedent began to approach him, holding what appeared to be a shotgun but was actually a long steel pipe. *Id.* The officer then began to accelerate to turn his vehicle away from Sowell. *Id.* At that moment, the officer realized that the item Sowell was holding was not a gun. *Id.* However, the officer was not able to stop the car mid-turn and subsequently struck him. *Id.* As a result of the collision, Sowell died. *Id.* His family filed suit against the officer on behalf of the estate, alleging, among other claims, that the officer used excessive force in violation of the Fourth Amendment pursuant to § 1983. *Id.* The officer moved for summary judgment. *Id.* at *2. The court held that "[t]here [was] no evidence to suggest that [the officer] intended physically to stop or detain [the decedent] by running him over with his car. The collision between [the officer] and [the decedent] was not intentional; rather, it was an unfortunate accident." *Id.* at *3. The court highlighted that the plaintiffs offered no evidence of intent to the contrary. *Id.* Accordingly, the officer was entitled to qualified immunity from the plaintiff's Fourth Amendment claim because the court found that no seizure had occurred. *Id.*

In the instant matter, Plaintiff contends that a reasonable jury could conclude that Defendant turned his vehicle purposefully to strike him. (D.E. 35 at 7.) Defendant, on the other hand, asserts that he did not intend to stop Swift with his car and the collision was accidental. (D.E. 19 at 5-6.) McNatt's police cruiser video shows that he was the second officer in pursuit of Swift. The chase lasted less than three minutes before the cars reached an empty lot. McNatt then made the decision to turn left into the vacant lot, with a large tree immediately on the right in his field of vision. Based on the video footage, the lot seemed to be unlit and dark. Approximately two to three seconds occurred between McNatt turning into the lot and his cruiser colliding with Plaintiff.

Swift argues that this case in similar to *Walker v. Davis*, 649 F.3d 502 (6th Cir. 2011). *Walker*, however, is distinguishable from the instant matter. In *Walker*, an officer was engaged in a low-speed chase with a motorcycle across an empty field. *Id.* at 503. The officer eventually "intentionally rammed" the motorcycle, causing the rider to be thrown from it and dragged underneath the police cruising, crushing him to death. *Id.* An expert for the plaintiff analyzed the location of the paint transfers between the vehicles and testified that the officer intentionally hit the motorcycle. *Id.* The district court denied qualified immunity for the officer. *Id.* On appeal, the Sixth Circuit, while viewing the facts in light most favorable to the plaintiff, found that the expert's testimony that the collision was "intentional" created a genuine issue of material fact. *Id.* at 503-04. Thus, the court held, the denial of qualified immunity was appropriate. *Id.* In the instant matter, unlike in *Walker*, Swift has provided no expert testimony to support his claim. The only evidence of intent Plaintiff has provided is merely his own belief that the collision was intentional.

McNatt asserts that the reason he turned into the empty lot "was to cut off Swift's escape route." (D.E. 36 at 4.) Similar to *Lewis* and *Sowell*, there is no evidence to suggest that Defendant intended to physically stop or detain Swift by hitting him with his car. *See Lewis*, 2012 WL 112529, at *3; *Sowell*, 2008 WL 4822076, at *3. Indeed, the entire incident from McNatt turning into the lot and colliding with Plaintiff lasted approximately two to three seconds. Although Plaintiff was struck as a result of Defendant's choice, within the context of the rapidly unfolding events set forth above, the fact of the accident itself is not evidence that McNatt intended to apprehend Swift by striking him with his police cruiser. *See Williams v. Bowling*, No. 1:07-CV-146, 2008 WL 4397426, at *8 (S.D. Ohio Sept. 26, 2008) (no seizure occurred under the Fourth Amendment when the officer did not intend to strike the plaintiff with his cruiser).

Plaintiff has provided the Court insufficient evidence to enable a rational trier of fact to find by a preponderance of the evidence that McNatt intended to strike him. Absent such evidence, Defendant's actions did not constitute a "seizure" for Fourth Amendment purposes. Plaintiff, therefore, has failed to establish an essential element of his Fourth Amendment claim against McNatt, and Defendant is entitled to qualified immunity.[1]

---

[1] Additionally, even assuming, arguendo, that the accident was a seizure for Fourth Amendment purposes, Defendant would still be entitled to qualified immunity pursuant to *Mullenix*. 136 S. Ct. at 305. The United States Supreme Court recently articulated in *Mullenix* that "qualified immunity protects actions in the hazy border between excessive force and acceptable force." *Id.* at 312. "[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 308. The basis for denying qualified immunity must be based on existing precedent that places "the statutory or constitutional question beyond debate." *Id.* The Court emphasized that courts should not "define clearly established law at a high level of generality," and that the "inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* Plaintiff has failed to provide precedent placing the specific issue in this case beyond debate. Although Swift relies on *Walker*, as discussed *supra*, that case is distinguishable. He has provided no other basis to the Court as to why Defendant would not be entitled to qualified immunity. In examining the specific context of

8

IV. Conclusion

In light of the foregoing reasons, Defendant is entitled to qualified immunity to Plaintiff's § 1983 claims. As such, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED this 16th day of December 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

the instant matter, Defendant's actions were not questionable enough to push him out of the "hazy border between excessive force and acceptable force." *See id.* at 312.